IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALTON E. DEAN,

        Plaintiff,                      No. CIV S-10-0672 GGH P

    vs.

MICHELLE STREET, et al.,         <u>ORDER</u> &

        Defendants.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

<u>Introduction</u>

        By <u>Order</u>, filed on March 24, 2010, plaintiff's complaint was dismissed with leave to amend and his motion for a temporary restraining order (TRO) was vacated. In addition, plaintiff was directed to file an in forma pauperis affidavit or to pay the required filing fee. <u>See</u> 28 U.S.C. §§ 1914(a), 1915(a). Plaintiff has failed to file an in forma pauperis affidavit or to pay the required filing fee, but has purported to file an amended complaint along with another putative motion for a TRO, notwithstanding that the court directed plaintiff to file another TRO motion only if it were properly supported and once he had filed an amended complaint *setting forth colorable allegations*. [Emphasis added].

/////

/////

1

Three Strikes Litigant

Although plaintiff has failed to provide an in forma pauperis affidavit, it appears that his doing so would be futile. The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees; however,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The court now takes judicial notice[1] of the national pro se "three strikes" database, and the cases therein cited, which a Ninth Circuit committee has directed this court to access for PLRA three-strikes screening purposes, wherein plaintiff is identified as a litigant with no less than five strikes. The court herein lists the three cases which expressly state in the order clause that the respective case was being dismissed for failure to state a claim: 1) Dean v. Sullivan, 2:98-00717 LKK DAD P, 3/22/99 (action dismissed for failure to state a cognizable claim by Order, filed on March 22, 1999); Dean v. Melching, et al.,1:00-5522 AWI DLB P (action dismissed with prejudice for plaintiff's failure to file a second amended complaint and failure to state a claim upon which relief may be granted by Order, filed on October 26, 2000); and 3) Dean v. Cavagnaro, et al., 1:09-0852 SMS P (action dismissed with prejudice for plaintiff's failure to state any claims upon which relief may be granted under section 1983 by Order filed on October 21, 2009). Each of these cases was dismissed prior to the filing of the

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

instant complaint, on March 22, 2010 (or by application of the mailbox rule,[2] on March 19, 2010).

The court finds that plaintiff is precluded from proceeding in forma pauperis in this action unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception under § 1915(g))"; see also, Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir.1998); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir.1998).

The original complaint that underlies this action had to be dismissed due to plaintiff's having heaped one unrelated allegation upon another and for his failure to comply with Rule 8 of the Federal Rules of Civil Procedure. See Order, filed on March 24, 2010, pp. 1-5. Therefore, the court finds that plaintiff failed to meet the "imminent danger of serious physical injury" exception and the undersigned finds that plaintiff is barred by the three-strikes provision of § 1915(g) from proceeding in this action in forma pauperis. If this case were to proceed, plaintiff would be required to pay the filing fee forthwith; however, for the reasons set forth below, the court will recommend dismissal of this action with prejudice.

Underlying Amended Complaint

As plaintiff was previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion

---

[2] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988)(pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (holding that "the Houston mailbox rule applies to § 1983 complaints filed by *pro se* prisoners").

thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

4

1  Plaintiff has failed to cure the defects of the original complaint; thus, his newly
2  submitted and ill-founded request for a TRO has been prematurely filed as the court does not find
3  the underlying allegations to constitute colorable claims.  Plaintiff names as defendants: Dr.
4  Michelle Street; Associate Warden Rackley; Correctional Officer (C/O) Han[n]ah; the California
5  Correctional Peace Officers Association (CCPOA); the "Director of Corrections; and "the
6  commissioner"; Sergeant Jackson; Sgt. Martin; C/O Howard; Parole Officer French.  Amended
7  Complaint, pp. 2-3.  Plaintiff appears to have totally disregarded the court's admonition not to re-
8  submit a "mishmash of a complaint." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)
9  ( "[u]nrelated claims against different defendants belong in different suits[.]"

10  Plaintiff leaps from allegations related to his incarceration at Deuel Vocational
11  Institution to claims apparently arising at California Substance Abuse Treatment Facility
12  (CSATF) to claims related to his housing at Sacramento County Jail without any clarity
13  whatever; he even includes a period of time when he was evidently released on parole.  AC, pp.
14  3-17.  Plaintiff refers to being denied adequate pain medication by defendant Street and unnamed
15  others, not making plain where this occurred, for how long it continued or why he needed such
16  pain medication.  He refers to finally having had a facial abscess treated at CSATF which left a
17  scar due apparently to the delay in treatment, but this allegation does not appear to be related to
18  any claim against defendant Street.  Plaintiff mentions having been told by defendant Rackley
19  that he could not wait to get rid of him (plaintiff), to having been discriminated against in the
20  processing of his 602 appeals, to having not been properly treated after having been beaten with
21  an iron wheelchair leg rest some two or three years ago, to having been forced to choose between
22  "hustlin[g]" or sleeping outside when his property was thrown out on the street at some point.  Id.

23  The court has previously set forth the shortcomings of his original complaint and
24  yet plaintiff has in no way improved his allegations in the amended filing.  Plaintiff continues to
25  violate Rule 8 of the Federal Rules of Civil Procedure which requires only "sufficient allegations
26  to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795,

5

798 (9th Cir. 1991). Even if the factual elements of a cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and *on what theory*, with enough detail to guide discovery" (emphasis added)). A complaint that fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). Rule 8; Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981)). Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," McHenry 84 F.3d at 1179.

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). "[A] district court retains its discretion over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend." Lopez v. Smith, 203 F.3d at 1124. "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Metzler Inv. GMBH v. Corinthian Colleges, Inc. 540 F.3d 1049, 1072 (9th Cir. 2008), quoting In re Read-Rite Corp., 335 F.3d 843, 845 (9th Cir. 2003). At this time, the court will recommend dismissal of this action with prejudice for plaintiff's failure to state a claim upon which relief may be granted.

TRO

The court has previously set forth the standards for issuing a temporary restraining order or a preliminary injunction, which the court incorporates by reference herein. See Order,

6

1  filed on March 24, 2010, pp. 6-7.  Plaintiff attempts to renew his motion for a TRO/preliminary
2  injunction, claiming that his parents and two brothers have "lost their lives prematurely," and that
3  he has been subjected to wholly unsubstantiated "staged murder attempts."  Motion, p. 1.  He
4  complains that his public defender is rendering ineffective assistance of counsel in whatever his
5  present prosecution entails.  Id., at 2.  He returns to claims about his relatives, stating that an
6  inmate named Song Jihong told him "that the loss of his mother would occur," and that she
7  "passed" on February 29, 2004.  Id.  Plaintiff does not explain the circumstances of her death,
8  instead going on to claim that "his two brothers followed."  Id.

Plaintiff claims that "respondents" hire assassins who brag about murdering his mother and brothers.  Motion, p. 3.  Plaintiff provides no factual predicate whatever for such histrionic claims.  As to his claims regarding his fears for his own safety, he does attempt to link them to alleged facts set forth in either his dismissed original complaint and/or his present amended complaint, referring, inter alia, to a general allegation of denial of treatment of medical needs and of having been beaten at DVI (id., at 4); however, the court has not found his allegations colorable as framed.  Plaintiff claims that not having a TRO issued will lead to his life being ended, but he simply provides no adequate basis for support for such an allegation, thus, making no showing of entitlement to preliminary injunctive relief.  There is no underlying action at this point for which the court might even weigh the merits, nor has plaintiff made any coherent showing that he is subject to irreparable harm absent preliminary injunctive relief.  The court, therefore, recommends denial of the motion for a TRO/preliminary injunctive relief.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case.

IT IS RECOMMENDED that:

1. Plaintiff's motion for a TRO/preliminary injunction, filed on April 5, 2010 (docket # 6), be denied;

2. Plaintiff be barred from proceeding in this case in forma pauperis under the

7

three-strikes provision of 28 U.S.C. § 1915(g); and

        3. This case be dismissed with prejudice for plaintiff's failure to state a claim upon which relief may be granted.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 8, 2010        /s/ Gregory G. Hollows

        GREGORY G. HOLLOWS
        UNITED STATES MAGISTRATE JUDGE

GGH:009
dean0672.ofr